UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MIRIAM E. DELGADO, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 3:11-cv-01735 (VAB) |
| v. | : | |
| | : | |
| CITY OF STAMFORD, | : | JANUARY 7, 2016 |
| | : | |
| Defendant. | : | |

### RULING ON DEFENDANT'S MOTION FOR RECONSIDERATION

**I.     INTRODUCTION**

On November 2, 2015, the Court issued an order granting in part and denying in part Defendant's Motion for Summary Judgment (the "Order").  ECF No. 96.  Defendant moves for reconsideration of the Order under D. Conn. L. Civ. R. 7(c).  For the reasons that follow, the motion is DENIED.

**II.    STANDARD OF REVIEW**

The standard for reviewing a motion for reconsideration is "strict."  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked— matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Id.*  "In order to prevent 'wasteful repetition of arguments already briefed, considered and decided,' a motion for reconsideration is granted only in a narrow range of circumstances." *Martin v. Dupont Flooring Sys., Inc.*, No. Civ. A. 3:01-cv-02189 (SRU), 2004 WL 1171208, at *1 (D. Conn. May 25, 2004) (quoting *Schonberger v. Serchuk*, 742 F. Supp. 108, 119 (S.D.N.Y.

1

1990)). The major grounds justifying reconsideration are: "(1) an intervening change in the law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice." *Id.* (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)).

## III. DISCUSSION

Defendant argues essentially four points: (1) the Complaint does not assert a hostile work environment claim based on national origin, (2) Plaintiff did not identify any derogatory remarks about Hispanics made within the limitations period, (3) Plaintiff's sex-based and national-origin-based harassment allegations are separate and should not be merged to form one hostile work environment claim; and (4) the alleged conduct was not severe or pervasive.

As to Defendant's first argument, the Court did not overlook the fact that the Complaint only vaguely asserts a hostile work environment claim based on national origin. Rather, the Court expressly addressed this issue. Order at 1, n.1. The Complaint's First and Second Claims for Relief incorporate the first 58 paragraphs of the Complaint, which include allegations of "demeaning or derogatory comments about Hispanics," Compl. ¶ 22, and then claim that "Defendant City of Stamford's treatment of plaintiff and/or failure to provide plaintiff equal employment opportunities constitutes employment discrimination on the basis of her . . . national origin[,]" Compl. ¶ 59. Creating a hostile work environment is a form of employment discrimination. *Vance v. Ball State Univ.*, 133 S. Ct. 2434, 2455 (2013) ("The creation of a hostile work environment through harassment, this Court has long recognized, is a form of proscribed discrimination."). While the Complaint certainly could be clearer, the Court chose to infer that Plaintiff pled hostile work environment on the basis of sex-based and national-origin-based harassment, and Defendant cites no controlling authority requiring the Court to reconsider

that decision.  *See Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 240 (2d Cir. 2007) ("Although the complaint does not explicitly allege discrimination based on a hostile work environment, the complaint alleges 'continued harassment' and alleges facts from which we may infer pleading of hostile work environment claims[,]" including allegations that colleagues "repeatedly made degrading comments toward [plaintiff]").

As to Defendant's second argument, Defendant cites no controlling authorities. Moreover, as discussed *infra*, Plaintiff has one hostile work environment based on alleged sex-based and national-origin-based harassment.  Therefore, the continuing violation doctrine applies so long as an act contributing to that hostile work environment occurred within the limitations period.  *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117 (2002).

As to Defendant's third argument, Defendant cites three unreported Second Circuit decisions: *Williams v. Consol. Edison Corp. of N.Y.*, 255 F. App'x 546, 549 (2d Cir. 2007), *Smith v. New Venture Gear, Inc.*, 320 F. App'x 33, 37-38 (2d Cir. 2009), and *Adeniji v. Admin. For Children's Servs.*, 201 F.3d 430 (2d Cir. 1999).  First, these are not controlling authorities. *See* 2d Cir. R. § 32.1.1(a) ("Rulings by summary order do not have precedential effect."); *In re Spell*, 650 F.2d 375, 377 n.2 (2d Cir. 1981) ("[O]ur decision . . . was an unpublished order and should therefore ordinarily not be cited as precedent in other proceedings"); *Gorsira v. Loy*, 357 F. Supp. 2d 453, 458 n.7 (D. Conn. 2005) ("I recognize that the [Second Circuit's] unpublished decision . . . is not binding authority"); *In re Glob. Crossing, Ltd.*, 385 B.R. 52, 74 (Bankr. S.D.N.Y. 2008) ("[Unreported Second Circuit summary order] is not binding on this Court"). Second, the cases do not stand for the proposition that a court must categorize by protected status (*e.g.*, sex, national origin, race, religion) a plaintiff's harassment allegations and determine whether the allegations in each category, ignoring allegations belonging to any other category,

rise to the level of a hostile work environment.  The Supreme Court and Second Circuit have held that hostile work environment claims are evaluated on the basis of the cumulative effect of abusive conduct.  *See Morgan*, 536 U.S. at 115 (hostile work environment claims "are based on the cumulative effect of individual acts"); *Miller v. City of New York*, 177 F. App'x 195, 197 (2d Cir. 2006) ("We have held that, in assessing the overall hostility of a workplace, charges of discrimination must be considered cumulatively in order to obtain a realistic view of the work environment.") (internal quotation marks and citation omitted).  Moreover, the Second Circuit has held that abusive conduct on the basis of multiple protected statuses may be considered together in evaluating a hostile work environment claim.  *See Feingold v. New York*, 366 F.3d 138, 151 (2d Cir. 2004) (holding that race-based and sexual-orientation-based harassment allegations may be considered when evaluating religion-based hostile work environment claim); *Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 572 (2d Cir. 2000) ("[Plaintiff]'s claim finds further support, moreover, in the interplay between the two forms of harassment.  Given the evidence of both race-based and sex-based hostility, a jury could find that [supervisor]'s racial harassment exacerbated the effect of his sexually threatening behavior and vice versa.").

Finally, Defendant argues that summary judgment should have entered in its favor as to Plaintiff's hostile work environment claim for a few reasons.

First, Defendant argues that, because some of the derogatory comments that Plaintiff overheard were not directed or targeted at her, they are stray remarks or isolated incidents.  The Court already addressed this issue.  Order at 53 ("The fact that not all of the sexual comments or comments about Hispanic persons were directed at Plaintiff does not defeat her claim.") (citing *Torres v. Pisano*, 116 F.3d 625, 633 (2d Cir. 1997) and *Schwapp v. Town of Avon*, 118 F.3d 106, 111 (2d Cir. 1997)).  Further, Defendant cites a case that undermines its argument.  *See Williams*,

4

255 F. App'x at 549 ("[E]vidence of racial and sexual harassment and hostility beyond what is directed specifically at the plaintiff is relevant to our analysis.").

Second, Defendant argues that "Plaintiff's subjective belief that the comments were inappropriate or offensive is insufficient to establish a claim of illegal harassment." ECF No. 106-1 at 8. The Court agrees. The conduct must be "severe or pervasive enough to create an objectively hostile or abusive work environment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993). That is why the Court noted the subjective and objective components of a hostile work environment claim, Order at 48, and then, applying that standard, determined that a reasonable jury could find that Plaintiff's coworkers' alleged conduct (*e.g.*, use of the terms "spic" and "guat," explicit sexual remarks) created an objectively hostile work environment, *see id.* at 64.

Third, Defendant argues that the alleged conduct was not physically threatening, and did not unreasonably interfere with her work performance. Defendant cites *Harris*, where the Supreme Court provided a non-exhaustive list of factors to consider when evaluating a hostile work environment claim, including "whether [conduct] is physically threatening . . . and whether it unreasonably interferes with an employee's work performance." *Harris*, 510 U.S. at 23. The Court did not overlook these factors; it listed them. Order at 48. Defendant cites no controlling authority for the proposition that a hostile work environment fails when the alleged conduct was not physically threatening and did not unreasonably interfere with the plaintiff's work performance. *See* D. Conn. L. Civ. R. 7(c) (motion for reconsideration must identify "the matters or controlling decisions which counsel believes the Court overlooked in the initial decision or order").

## IV. CONCLUSION

For the reasons stated herein, Defendant's Motion for Reconsideration (ECF No. 106) is DENIED.  Plaintiff's hostile work environment claim based upon her co-workers' alleged sexual comments and derogatory remarks about Hispanics shall proceed.  The parties' joint trial memorandum is due January 29, 2016.  The final pre-trial conference is scheduled for February 8, 2016 at 4:00 p.m. in chambers.  Jury selection is scheduled for February 16, 2016 at 9:00 a.m.  Trial will begin at 1:00 p.m. on February 16, 2016.

SO ORDERED this seventh day of January 2016, at Bridgeport, Connecticut.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE