**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

|  |  |  |
|---|---|---|
| MIRIAM E. DELGADO, | : | |
| | : | |
| | : | Civil Action No. |
| Plaintiff, | : | 3:11-CV-01735(VAB) |
| | : | |
| v. | : | |
| | : | |
| CITY OF STAMFORD, | : | |
| | : | February 2, 2016 |
| Defendant. | : | |
| | : | |

## <u>JOINT TRIAL MEMORANDUM</u>

### I.    TRIAL COUNSEL

Counsel for Plaintiff

**Lewis H. Chimes**
Law Office of Lewis Chimes LLC
45 Franklin Street
Stamford, CT 06901
203-324-7744
Fax: 203-969-1319
Email: lchimes@chimeslaw.com

**Kailey Kristine Gallegos**
Law Office of Lewis Chimes LLC
45 Franklin Street
Stamford, CT 06901
203-324-7744
Fax: 203-969-1319
Email: kgallegos@chimeslaw.com

Counsel for Defendant

**Robin G. Frederick**
Shipman & Goodwin
300 Atlantic St.
Stamford, CT 06901-3522
203-324-8100
Email: rfrederick@goodwin.com

**Clarisse Nicole Thomas**
Shipman & Goodwin LLP
300 Atlantic Street
Stamford, CT 06901
203-324-8100
Fax: 203-324-8199
Email: cthomas@goodwin.com

## II.   JURISDICTION

Jurisdiction is conferred on this Court by 28 U.S.C. 1331 and 28 U.S.C. 1343.

## III.   JURY/NON-JURY

The parties agree that this case shall be a jury trial.

## IV.   NATURE OF CASE

### a.  As stated by Plaintiff, Miriam Delgado

The plaintiff, Miriam Delgado, brings claims for hostile work environment based on her gender and national origin in accordance with Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000*e et seq,* and the Connecticut Fair Employment Practices Act, C.G.S. 46a-60 *et seq.*  This claim is based upon her treatment in the Crimes Against Persons Bureau (Also referred to as Detective Bureau and Major Crimes Bureau) of the Police Department of the City of Stamford from 2006 – 2010.

Plaintiff brings her claims of hostile work environment claim based on her gender and national origin. Plaintiff brings these claims under both federal and state law, pursuant to 42 U.S.C. 2000*e et seq* and C.G.S. 46a-51 *et seq.*

The Plaintiff seeks reinstatement to the Detective Bureau, compensatory and punitive damages, costs of suit including reasonable attorney's fees, and other such equitable relief as the court deems appropriate.

The plaintiff voluntarily withdrew its claim that plaintiff's reassignment from the Crimes Against Persons Bureau of the Stamford Police Department was based upon national origin.  On November 2, 2015, the court granted the defendant's Motion for Summary Judgment on (1) the plaintiff's state and federal claims for gender discrimination based upon her reassignment from the Detective Bureau, and (2) the plaintiff's state and federal retaliation claims based on her reassignment from the Detective Bureau.[1]

### b.  As stated by Defendant, City of Stamford

The only claim in this action is a claim of hostile work environment alleged by Plaintiff against her co-workers, based on gender and national origin.  Specifically, Plaintiff has alleged that she heard, or overheard, inappropriate sexual comments and derogatory remarks about Hispanics being made in the office.  The Court found that when Plaintiff complained of similar comments having been made in December 2008, her complaint was successfully resolved.  The Court also found that Plaintiff did not file another complaint in accordance with Defendant's anti-harassment policy when the comments later resumed.

Although the Court found that Plaintiff's failure to report the alleged conduct when it resumed was not based on any credible fear of retaliation from doing so, the Court has allowed trial to proceed on one remaining issue: a hostile work environment claim, based on comments and remarks allegedly made by Plaintiff's former co-workers.

Defendant denies that any hostile work environment existed on the basis of gender or national origin.  Moreover, even if one had existed, Defendant denies that it knew, or should have known, of the alleged harassment of Plaintiff by her co-workers.

---

[1] The plaintiff claims that the court's ruling on those claims was erroneous, and the court's refusal to address her Motion to Reconsider was an abuse of discretion, and nothing in this trial should be construed as waiving her appellate rights to contest the dismissal of those claims.

Defendant further objects to Plaintiff's description of the nature of the case, to the extent it is inconsistent or contradicts what has been set forth above.  Defendant is also asserting a claim for attorney's fees and costs associated with defending this action.

## V.   STIPULATIONS OF FACT AND LAW

### a.   Stipulation of Uncontroverted Facts

    i.   The plaintiff, Miriam Delgado, is a citizen of the United States and a resident of the State of Connecticut.

    ii.   The defendant, City of Stamford, is a municipality in the State of Connecticut.

    iii.   Plaintiff is a Hispanic woman who has been employed as a Police Officer by the City of Stamford, Stamford Police Department, since March 6, 1989.

    iv.   In April 2005, plaintiff was assigned to the Crimes Against Persons Unit, which is a unit within the Bureau of Criminal Investigation.

### b.   Agreed Statement of Contested Issues of Law (as set forth by Plaintiff)

    i.   **Hostile Environment  Based Upon Sex**

        1.   Whether the plaintiff has proven that a hostile environment based on her gender existed at the Stamford Police Department

        2.   Whether the City of Stamford is legally responsible for the hostile environment based upon gender.

    ii.   **Hostile environment Based upon National Origin**

        1.   Whether the plaintiff has proven that a hostile environment based on her national origin existed at the Stamford Police Department.

        2.   Whether the City of Stamford is legally responsible for the hostile environment based upon national origin.

    iii.   **Damages**

        1.   Whether the plaintiff is entitled to damages.

## VI.   PLAINTIFF'S CONTENTIONS

The plaintiff contends that she was subjected to a hostile environment based upon her gender during her tenure at the Stamford Police Department Crimes Against

Persons (Detective) Bureau between 2007 – July 2010, when she was transferred from the bureau.  This took the form of sexually offensive communications, differential treatment in the assignment of cases, denial of opportunities for overtime, bullying, threats and intimidation and ultimately her transfer from the bureau.  The evidence will show that these behaviors were based upon hostility to the presence of females serving in the bureau.

The evidence will also show that Officer Delgado and others had previously complained about this behavior, but it had never been reported to the City's Department of Human Resources, as required under its sexual harassment policy and no remedial action or monitoring was ever taken.  In addition, the evidence will show that her immediate supervisor threatened to transfer her if she complained about unfair treatment, and she had no recourse to report the hostile behavior.

As a result of her treatment, the plaintiff has suffered severe emotional distress. Her distress was significantly exacerbated by the earlier hostile treatment she was subjected to by the Stamford Police Department following 9/11.

## VII.    DEFENDANT'S CONTENTIONS

Defendant denies that Plaintiff was subjected to a hostile work environment by her co-workers during the period of time as alleged by Plaintiff.  Defendant asserts that a majority of the incidents of which Plaintiff complains are time-barred.  In fact, only alleged conduct that occurred on or after February 6, 2010 can be considered for the purposes of Plaintiff's hostile work environment claim.  Defendant further asserts that the continuing violation doctrine does not apply to Plaintiff's time-barred incidents.

In addition, all of the evidence Plaintiff seeks to introduce in support of her hostile work environment claim has already been addressed by the Court in its Ruling on

Defendant's Motion for Summary Judgment.  Such evidence is irrelevant to the issue that must be decided at trial and would be prejudicial if allowed into evidence.  See Defendant's First Motion in Limine.

Finally, evidence of events surrounding Plaintiff's involvement in the 9/11 attacks is irrelevant, and thus cannot form the basis of her hostile work environment claim against her former co-workers in BCI.  See Defendant's First Motion in Limine.  Moreover, it is irrelevant to Plaintiff's claim of emotional distress, as evidenced by Plaintiff's own expert's testimony.

## VIII.   LEGAL ISSUES

### a.   Plaintiff's Legal Issues
   i. Scope of the hostile environment.  See Plaintiff's Motion in Limine
   ii. Admissibility of discriminatory conduct and behavior that took place outside the dates claimed in this complaint.   See Plaintiff's Motion in Limine.
   iii. Admissibility of testimony regarding plaintiff's experiences during 9/11 and her treatment by male officers of the Stamford Police Department in 2002.  See plaintiff's Motion in Limine.
   iv. Submission of Faragher/Ellerth jury instructions to the jury in order to avoid potential retrial of hostile work environment claim.

### b.   Defendant's Legal Issues
   i. Defendant disagrees with the legal issues as set forth by Plaintiff, as the "scope" of the alleged hostile work environment has already been defined by the Court in its Ruling on Defendant's Motion for Summary Judgment, and the evidence Plaintiff seeks to introduce at trial as set forth in Section VIII above is irrelevant.  See Defendant's First, Second, Third and Fourth Motions in Limine.
   ii. The legal issues in the present case are whether Plaintiff was subjected to a hostile work environment by her co-workers during her tenure in Squad A, and if the jury answers this in the affirmative, the next and final issue to be decided is whether Defendant knew or should have known of the alleged harassment, and failed to take remedial action.

### IX.   VOIR DIRE QUESTIONS

**a.  Plaintiff's Proposed Voir Dire Questions**
See Attached Voir Dire questions, attached as Exhibit A.

**b.  Defendant's Proposed Voir Dire Questions**
See Attached Voir Dire questions, attached as Exhibit B.

### X.   LIST OF WITNESSES AND OBJECTIONS

**a.  Plaintiff's Witness List**

See Attached Witness List, attached as Exhibit C.  In addition, the plaintiff reserves the right to call any witness necessary for authentication or foundation of exhibits, to the extent that the defendant objects on those grounds.

**b.  Defendant's Witness List**

Defendant reserves the right to call all of the witnesses listed by Plaintiff (unless said witnesses have been precluded from testifying as a result of Defendant's First and Third Motions *in Limine*). Defendant also reserves the right to call witnesses for the purpose of impeachment or rebuttal.  In addition, Defendant may call the following witnesses:

1. Assistant Chief James Matheny:  Asst. Chief Matheny is employed by the Stamford Police Department, 805 Bedford Street, Stamford, CT 06901.  He is expected to testify as to Plaintiff's personal conduct; Plaintiff's relationships and interactions with other employees and officers of the SPD; and facts surrounding the allegations made with respect to Plaintiff's hostile work environment claim; and Defendant's defenses to that claim.

2. Captain Richard Conklin:  Capt. Conklin is employed by the Stamford Police Department, 805 Bedford Street, Stamford, CT 06901.  He is expected to testify as to Plaintiff's personal conduct; Plaintiff's relationships and interactions with other employees and officers of the SPD; and facts surrounding the allegations made with respect to Plaintiff's hostile work environment claim; and Defendant's defenses to that claim.

3. Sergeant Christopher Broems:  Sgt. Broems is employed by the Stamford Police Department, 805 Bedford Street, Stamford, CT 06901.  He is expected to testify as to Plaintiff's personal conduct; Plaintiff's relationships and interactions with other employees and officers of the SPD; and facts surrounding the allegations made with respect to Plaintiff's hostile work environment claim; and Defendant's defenses to that claim.

4. Sergeant Peter DiSpagna: Sgt. DiSpagna is employed by the Stamford Police Department, 805 Bedford Street, Stamford, CT 06901.  He is expected to testify as to Plaintiff's personal conduct; Plaintiff's relationships and interactions with other employees and officers of the SPD; and facts surrounding the allegations made with respect to Plaintiff's hostile work environment claim; and Defendant's defenses to that claim.

5. Sergeant Andrew Gallagher:  Sgt. Gallagher is employed by the Stamford Police Department, 805 Bedford Street, Stamford, CT 06901.  He is expected to testify as to Plaintiff's personal conduct; Plaintiff's relationships and interactions with other employees and officers of the SPD; and facts surrounding the allegations made with respect to Plaintiff's hostile work environment claim; and Defendant's defenses to that claim.

6. Sergeant Paul Guzda: Sgt. Guzda is employed by the Stamford Police Department, 805 Bedford Street, Stamford, CT 06901.  He is expected to testify as to Plaintiff's personal conduct; Plaintiff's relationships and interactions with other employees and officers of the SPD; and facts surrounding the allegations made with respect to Plaintiff's hostile work environment claim; and Defendant's defenses to that claim.

7. Sergeant Anthony Lupinacci: Sgt. Lupinacci is employed by the Stamford Police Department, 805 Bedford Street, Stamford, CT 06901.  He is expected to testify as to Plaintiff's personal conduct; Plaintiff's relationships and interactions with other employees and officers of the SPD; and facts surrounding the allegations made with respect to Plaintiff's hostile work environment claim; and Defendant's defenses to that claim.

8. Sergeant Thomas Martin:  Sgt. Martin is employed by the Stamford Police Department, 805 Bedford Street, Stamford, CT 06901.  He is expected to testify as to Plaintiff's personal conduct; Plaintiff's relationships and interactions with other employees and officers of the SPD; and facts surrounding the allegations made with respect to Plaintiff's hostile work environment claim; and Defendant's defenses to that claim.

9.  Sergeant James Van Allen: Sgt. Van Allen is employed by the Stamford Police Department, 805 Bedford Street, Stamford, CT 06901. He is expected to testify as to Plaintiff's personal conduct; Plaintiff's relationships and interactions with other employees and officers of the SPD; and facts surrounding the allegations made with respect to Plaintiff's hostile work environment claim; and Defendant's defenses to that claim.

10. Officer Raphael Barquero:  Ofc. Barquero is employed by the Stamford Police Department, 805 Bedford Street, Stamford, CT 06901. He is expected to testify as to Plaintiff's relationships and interactions with other employees and officers of the SPD; and facts surrounding the allegations made with respect to Plaintiff's hostile work environment claim; and Defendant's defenses to that claim.

11. Officer Anna Edwards:  Ofc. Edwards is employed by the Stamford Police Department, 805 Bedford Street, Stamford, CT 06901. She is expected to testify as to the facts surrounding the allegations made with respect to Plaintiff's hostile work environment claim; and Defendant's defenses to that claim.

12. Officer Frank Laccona:  Ofc. Laccona is employed by the Stamford Police Department, 805 Bedford Street, Stamford, CT 06901. He is expected to testify as to Plaintiff's personal conduct; Plaintiff's relationships and interactions with other employees and officers of the SPD; and facts surrounding the allegations made with respect to Plaintiff's hostile work environment claim; and Defendant's defenses to that claim.

13. Officer Adriana Molina:  Ofc. Molina is employed by the Stamford Police Department, 805 Bedford Street, Stamford, CT 06901. She is expected to testify as to the facts surrounding the allegations made with respect to Plaintiff's hostile work environment claim; and Defendant's defenses to that claim.

14. Michael DiBella:  Mr. DiBella is formerly employed by the Stamford Police Department, and presently resides in Florida. He is expected to appear for trial and testify as to Plaintiff's personal conduct; Plaintiff's relationships and interactions with other employees and officers of the SPD; and facts surrounding the allegations made with respect to Plaintiff's hostile work environment claim; and Defendant's defenses to that claim.

15. John Forlivio:  Mr. Forlivio is formerly employed by the Stamford Police Department, and is presently employed by the State's Attorney's Office, 123 Hoyt Street, Stamford, CT 06905. He is expected to testify as to Plaintiff's personal conduct; Plaintiff's relationships and interactions with

other employees and officers of the SPD; and facts surrounding the allegations made with respect to Plaintiff's hostile work environment claim; and Defendant's defenses to that claim.

16. Thomas McGinty:  Mr. McGinty is formerly employed by the Stamford Police Department, and he resides in Fairfield County.  He is expected to testify as to Plaintiff's personal conduct; Plaintiff's relationships and interactions with other employees and officers of the SPD; and facts surrounding the allegations made with respect to Plaintiff's hostile work environment claim; and Defendant's defenses to that claim.

17. Chief Timothy Shaw:  Chief Shaw is currently employed by the Easton Police Department, 700 Morehouse Road, Easton, CT 06612.  He is expected to testify as to Plaintiff's personal conduct; Plaintiff's relationships and interactions with other employees and officers of the SPD; and facts surrounding the allegations made with respect to Plaintiff's hostile work environment claim; and Defendant's defenses to that claim.

18. Dr. Justin O. Schechter, M.D., F.A.P.A.:  Dr. Schechter is located at 22 Fifth Street, Stamford, CT 06901.  Dr. Schechter is expected to testify in accordance with his findings and observations, as reflected in his report, previously disclosed by defense counsel.  Dr. Schechter will base his testimony upon his review of various records and his independent medical examination performed on Plaintiff.  Dr. Schechter will further base his opinions and conclusions upon his education, experience and expertise as a medical doctor.

## XI.   LIST OF EXHIBITS AND OBJECTIONS

### a.  Plaintiff's Exhibit List

See plaintiff's exhibit list, attached as Exhibit D.

Objections to Exhibits:  Defendant asserts as follows:
1. Plaintiff seeks to introduce Exhibits 10, 11, and 12, all of which pertain to her job performance.  Specifically, Exhibits 10 and 11 pertain to Plaintiff's work performance in the years 1997 and 2000 -- years before she was assigned to BCI.  Exhibit 12 pertains to awards Plaintiff received from the SPD, from the period 1992 through 2010.  However, Plaintiff's job performance is not at issue in this case.  Thus, Defendant objects on the basis that Exhibits 10, 11, and 12 are wholly irrelevant and immaterial to Plaintiff's hostile work environment claim.  Further, said evidence constitutes inadmissible hearsay.

2.  Plaintiff seeks to introduce Exhibit 35, which is merely described as a "Timeline," and a copy of which has not been provided to Defendant. Although Plaintiff has indicated that Exhibit 35 is a "demonstrative exhibit," without having received the document Defendant objects on the basis that this Exhibit constitutes inadmissible hearsay, and presents the risk of confusing the jury.

3.  Plaintiff seeks to introduce Exhibit 48, which is described as "Lubin Treatment records," and a copy of which has not been provided to Defendant. At her deposition on July 17, 2014, Dr. Lubin testified that she continues to treat Plaintiff; however Plaintiff has not supplemented her discovery production to provide Defendant with copies of any further treatment records after this date. In addition, Plaintiff has indicated that Dr. Lubin will not be available to testify during the week of the currently scheduled trial. As such, Defendant objects on the basis that this Exhibit constitutes inadmissible hearsay, and cannot be properly authenticated in the absence of Dr. Lubin's live trial testimony.

4.  Plaintiff seeks to introduce Exhibit 50, which is described as "photocopy of woman with zipped mouth." Defendant objects on the basis that this Exhibit cannot be authenticated and constitutes inadmissible hearsay.

5.  Plaintiff seeks to introduce Exhibit 51, which is described as "Newspaper Article -- Miriam Delgado in brawl. 12.10.10." Defendant objects on the basis that this Exhibit is wholly irrelevant and immaterial to Plaintiff's hostile work environment claim, and constitutes inadmissible hearsay.

6.  Plaintiff seeks to introduce Exhibit 55, which appears to be a copy of Plaintiff's 1999 Board of Trustees Membership Card from 1999, from the Stamford Police Association. Defendant objects on the basis that this Exhibit is wholly irrelevant and immaterial to Plaintiff's hostile work environment claim, and constitutes inadmissible hearsay.

7.  Plaintiff seeks to introduce Exhibit 66, which is an email from September 7, 2010, regarding the request of several officers to remain in their current positions in the Special Investigations Juvenile Offenses unit, which is another unit of BCI. Defendant objects on the basis that this Exhibit cannot be authenticated, because several of the officers referenced in the email have not been identified in Plaintiff's Initial Disclosures pursuant to Fed. R. Civ. Proc. 26 (a), nor have they been identified in Plaintiff's Interrogatory Responses. Further, the remaining officer referenced in the email is not among the list of proffered witnesses whom Plaintiff intends to call. Thus, Exhibit 66 constitutes inadmissible hearsay. See Fed. R. Civ. Proc. 37: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a

trial." In addition, the Standing Order Regarding Trial Memoranda In Civil Cases requires the parties to include the names of all witnesses who will testify at trial and indicates that "[w]itnesses not listed . . . will not be permitted to testify at trial, except for good cause shown." See Standing Order, available at http://www.ctd.uscourts.gov/sites/default/files/local_rules/Revised%20Local%20Rules%20%2011-15-2012.pdf (last visited Jan. 29, 2016). Finally, Exhibit 66 is wholly irrelevant and immaterial to Plaintiff's hostile work environment claim -- she never worked, nor did she ever submit a request to work, in the Special Investigations Juvenile Offenses unit. Even if she had, this has absolutely no bearing on the hostile work environment claim she has made against her co-workers.

8. Plaintiff seeks to introduce Exhibit 69, which is a copy of Defendant's Objections and Responses to Plaintiff's Interrogatories and Requests for Production. Defendant objects on the basis this Exhibit serves no purpose other than to confuse the jury -- it will not assist the jury in determining whether Plaintiff's former co-workers subjected Plaintiff to harassment.

9. Plaintiff seeks to introduce Exhibit 70, which is entitled "Delgado log notes," and consists of 20 pages. Defendant objects on the basis that with the exception of 3 pages, the remainder of Exhibit 70 contains information that was already addressed in the Court's Summary Judgment Ruling, and which is therefore wholly irrelevant and immaterial to Plaintiff's hostile work environment claim, which is the only claim that remains in this action. Plaintiff seeks to introduce Exhibit 70 in its entirety as a back-door means of circumventing the Court's Summary Judgment Ruling, which is improper.

**b. Defendant's Anticipated Exhibit List**

Defendant reserves the right to introduce all the exhibits listed by Plaintiff (unless said exhibits have been excluded as a result of Defendant's First, Second and Fourth Motions *in Limine*). Defendant also reserves the right to introduce exhibits for impeachment or rebuttal. In addition, Defendant may introduce the following exhibits:

1. Receipt signed by Plaintiff on December 5, 2008, acknowledging her review and receipt of the City of Stamford Sexual Harassment Policy

2. City of Stamford Sexual Harassment Policy, in effect at all times relevant to Plaintiff's Complaint

3.  Plaintiff's September 5, 2006 request to remain in Squad A

4.  Plaintiff's September 5, 2007 request to remain in Squad A

5.  Plaintiff's February 27, 2008 request to remain in Squad A

6.  Plaintiff's September 2008 request to remain in Squad A

7.  Plaintiff's February 10, 2009 request to remain in Squad A

8.  Plaintiff's August 25, 2009 request to remain in Squad A

9.  Plaintiff's March 1, 2010 request to remain in Squad A

10. Plaintiff's September 2010 request to remain in Squad A

11. Statements prepared by Ofc. Laccona, SPD000609 through 612

12. Statement prepared by Thomas McGinty, SPD000613

13. Notes prepared by Timothy Shaw, SPD000615

14. Report prepared by Dr. Justin O Schechter, disclosed by defense counsel in August 2014

## XII.  DEPOSITION TESTIMONY

### a.  Plaintiff's Anticipated Use of Deposition Testimony
   i.   Former Detective DiBella resides more than 100 miles outside of the jurisdiction and the plaintiff anticipates using certain portions of his deposition in the event that he is not made available for trial.
   ii.  Dr. Hadar Lubin, plaintiff's treating psychiatrist, has indicated that she will be out of the country during the currently scheduled trial dates.  If accommodation is not made for her to be available, the plaintiff will utilize her deposition testimony.
   iii. Plaintiff reserves the right to use any deposition for impeachment or rehabilitation purposes.

### b.  Defendant's Anticipated Use of Deposition Testimony
   i.   Defendant reserves the right to read deposition testimony of the Plaintiff into evidence as needed for impeachment or rehabilitation purposes, in accordance with FRE 607, 608 and 801.

### XIII.  REQUESTS FOR JURY INSTRUCTIONS

#### a.  Plaintiff's Proposed Jury Instructions
Plaintiff's Proposed Jury Instructions are attached as Exhibit E.
Plaintiff's Proposed Jury Interrogatories are attached as Exhibit F.

<u>General Objection</u>:  Defendant hereby objects to the jury instructions proposed
by the Plaintiff because they are confusing, fail to adequately identify the type of
instruction that she is seeking, unfairly understate her true burden of proof in
this case and requests that the jury decide collateral issues that are wholly
irrelevant and immaterial to Plaintiff's hostile work environment claim.  <u>See</u>
Defendant's First Motion <i>in Limine</i>.  In addition, Defendant sets forth the
following Specific Objections:

  1.  Objection:  <u>"Motivating-factor" standard of proof is inappropriate</u>.

On pages 5 and 6 of Plaintiff's Proposed Jury Instructions, she asserts that she

only needs to prove that her gender or national origin was a "motivating factor" with

respect to her hostile work environment claim.  This is not the proper legal standard.

The "but for" standard is the applicable standard in this case.   The law on this

issue is quite clear.   "[I]t is 'axiomatic' that in order to establish a sex-based hostile work

environment under Title VII, a plaintiff must demonstrate that the conduct occurred

**<i>because of</i>** her sex [or national origin]."  <u>Alfano v. Costello</u>, 294 F.3d 365 (2d Cir. 2002)

(emphasis added); <u>Oncale v. Sundowner Offshore Servs.</u>, 523 U.S. 75, 80 (1998)

(recognizing that Title VII prohibits discrimination "because of" one's membership in a

protected class); <u>see</u> <u>also</u> <u>Evarts v. S. New Eng. Tel. Co.</u>, No. 3:00cv1124(WIG), 2006 U.S.

Dist. LEXIS 71257, at * 51-52 (D. Conn. Sept. 30, 2006) (recognizing that the "but for" test

applies to hostile work environment claims).

The issue is only whether Plaintiff was subjected to a hostile work environment

by her co-workers "because of" her sex or national origin.  Thus, the "motivating factor"

analysis does not apply.

In light of the foregoing, Plaintiff's jury instruction is erroneous, as it misleads the jury as to the proper legal standard.  Schermerhorn v. Local 100, Transp. Workers Union, 91 F.3d 316 (2d Cir. 1996).  As such, it should be disregarded.

2.   Objection:  Credibility of witnesses instruction is erroneous.

On page 6, Plaintiff's Jury Instructions provide:  "If you find that defendant's witnesses have given inconsistent explanations about the environment, then you also may infer that their actions were motivated by gender."  This instruction is improper.

Jurors should not be instructed that they are free to draw an inference on the ultimate issue in a case, simply because a witness has been impeached, or because the juror may find a witness to not be credible.  Rather, jurors must be instructed that they are to weigh the evidence and/or testimony presented to them, and that they are free to disregard any evidence or testimony they deem not to be credible.  See 3 Fed. Jury Prac. & Instr. § 105:04 (6th ed.)

Plaintiff's proposed jury instruction is erroneous and should be disregarded.

3.   Objection:  Instructions as to "unfavorable treatment" exceed the scope of the Court's Ruling on Defendant's Motion for Summary Judgment.

On page 5, Plaintiff's Jury Instructions provide:  "Circumstantial evidence of a hostile work environment may include, for example, evidence that plaintiffs were unfavorably treated in comparison with similarly situated male co-workers."

The above information would only be relevant if the present case involved a disparate treatment claim -- which it does not.  The Court expressly found that Plaintiff's disparate treatment claims had not been established at summary judgment.  Delgado v. City of Stamford, 2015 U.S. Dist. LEXIS 148038, at *36, 45, 59-60 (D. Conn. Nov. 2, 2015).

Thus, an instruction regarding alleged unfavorable treatment is improper and serves no purpose other than to confuse the jury, and it should be disregarded.

    4.   Objection:  <u>Instructions as to "tangible employment actions" are irrelevant and should be disregarded</u>.

Pages 7 and 8 of Plaintiff's Jury Instructions seek to instruct the jury as to what constitutes a tangible employment action -- to require the jury to decide whether Plaintiff's transfer out of BCI could be deemed a tangible employment action.  This is an irrelevant issue which the jury need not decide (and should not decide) with respect to Plaintiff's hostile work environment claim.

As the Court has already found:  "Without deciding whether Plaintiff's transfer was a tangible employment action, ***the Court concludes that Plaintiff has not raised a genuine dispute that her transfer was the culmination of the alleged harassment that forms the basis of her hostile work environment claim***."  <u>Delgado v. City of Stamford</u>, <u>supra</u>, 2015 U.S. Dist. LEXIS 148038, at *91 (emphasis added).

Thus, whether Plaintiff's transfer was a tangible employment action is wholly irrelevant.  The jury should not be instructed as to collateral issues that would cause confusion and divert their attention from the actual issues that must be decided at trial.

    5.   Objection:  <u>Faragher/Ellerth instruction is irrelevant, misleading, erroneous and should be disregarded.</u>

Pages 9 and 10 of Plaintiff's Jury Instructions seek to instruct the jury as to the Faragher/Ellerth affirmative defense, which is a burden of proof that Defendant is ***not*** required to establish at this juncture.

The only remaining claim in this case is Plaintiff's hostile work environment claim based on alleged co-worker harassment.  Given the nature of the claim, the burden

remains with Plaintiff to prove that Defendant: "knew, or in the exercise of reasonable care should have known, about the harassment yet failed to take appropriate remedial action." Summa v. Hofstra Univ., 708 F.3d 115, 124 (2d Cir. 2013).  See Defendant's First Motion in Limine.  As such, the Faragher/Ellerth instruction is wholly irrelevant.

Plaintiff's Jury Instructions also provide, in connection with this improper instruction:  "When plaintiff reports harassing [sic] in accordance with company policy, she is under no obligation to report it a second time before the company is charged with knowledge of it."

This is simply not in line with current law.  See Arnold v. Yale New Haven Hosp., 213 F. Supp. 2d 142, 149-50 (D. Conn. 2002) (finding that Faragher/Ellerth defense was available where employer's actions in response to employee's first complaint were "swift and complete," and where employee thus failed to produce sufficient evidence to show that his fear of being subjected to an adverse employment action if he filed a subsequent complaint were credible).

Similar to the plaintiff in Arnold, in the present case the Court found that there was a "successful resolution of Plaintiff's 2008 complaint of sexual harassment."  Delgado v. City of Stamford, supra, 2015 U.S. Dist. LEXIS 148038, at *91.  The Court here further found that "no reasonable jury could conclude from the record evidence that [Plaintiff] had a *credible fear* that she would suffer an adverse employment action," if she had filed another complaint.  Id. at *95 (emphasis added).

Thus, the above jury instructions are erroneous, irrelevant, and should be disregarded on these bases.

6.   Objection:  <u>Eggshell plaintiff instruction is improper.</u>

Page 13 of Plaintiff's Jury Instructions seeks to instruct the jury as to recovery of claimed damages based on an "eggshell" plaintiff theory.   However, there is no law that allows for such an instruction in this Circuit, in the context of a hostile work environment claim against co-workers.  In addition, this instruction is improper, because it suggests that Plaintiff would not need to demonstrate that a reasonable person would have viewed the actions complained of as objectively hostile and abusive, as required by <u>Harris v. Forklift Systems, Inc.</u>, 510 U.S. 17, 22 (1993).  The objective standard is a requisite element for a hostile work environment claim and providing the jury with this instruction is likely to lead to confusion regarding the standard of proof.

7.   Objection:  <u>Punitive damages instruction is clearly erroneous</u>.

Pages 14 and 15 of Plaintiff's Jury Instructions seek to instruct the jury as to an award of punitive damages.  This instruction is erroneous, because punitive damages are not available under Title VII against a municipality.

With respect to punitive damages Title VII expressly provides as follows:

Determination of punitive damages.  A complaining party may recover punitive damages under this section against a respondent (***other than a government, government agency or political subdivision***) if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual.

42 U.S.C. § 1981a(b)(1)(emphasis added).  The City of Stamford is a municipality, and as such, is a "political subdivision" of the State.  Thus, Plaintiff's jury instruction as to punitive damages should be disregarded.

**b.  Defendant's Proposed Jury Instructions**
Defendant's Proposed Jury Instructions are attached as Exhibit G.
Defendant's Proposed Jury Interrogatories are attached as Exhibit H.

18

### XIV.    ANTICIPATED EVIDENTIARY PROBLEMS

    **a.   Plaintiff's Anticipated Evidentiary Problems**

        i.  Plaintiff's treating psychiatrist, Dr. Hadar Lubin, will be out of the country from February 11 – 21, 2016.  The plaintiff, by Motion, will request a short delay in the commencement of the evidence, or alternatively, permission to call her out of order.

    **b.   Defendant's Anticipated Evidentiary Problems**

        i.  With the exception of Defendant's First, Second, Third and Fourth Motions *in Limine*, Defendant does not anticipate any evidentiary problems at this time.

### XV.    PROPOSED FINDINGS AND CONCLUSIONS

N/A

### XVI.    TRIAL TIME

    **a.**  Plaintiff anticipates 2-3 days of time to present her case.
    **b.**  Defendant anticipates 2-3 days of time to present its case.

### XVII.    COURTROOM TECHNOLOGY

    **a.**  Neither party will use technology to present their case.

### XVIII.    FURTHER PROCEEDINGS

    **a.**  As stated by Plaintiff:

        i.  If the court intends to restrict the scope of the plaintiff's evidence relating to the existing hostile environment, the plaintiff will need to make a record in order to preserve her appellate claim.

        ii.  If the plaintiff prevails, the court will determine attorney's fees.

        iii.  Plaintiff anticipates an appeal of the court's summary judgment ruling relating to her discrimination and retaliation claims regardless of the outcome of the trial of the remaining issues.

    **b.**  As stated by Defendant:

        i.  Defendant submits that its First, Second, Third and Fourth Motions *in Limine* will have to be considered by the Court prior to trial.

## XIX.   ELECTION FOR TRIAL BY MAGISTRATE

The parties do not agree to a trial by magistrate.

**PLAINTIFF MIRIAM DELGADO**,

BY: */s/Lewis Chimes*
Lewis Chimes (ct07023)
Law Office of Lewis Chimes, LLC
45 Franklin Street
Stamford, CT 06901
Phone: (203) 324-7744
Fax: (203) 969-1319
Email: lchimes@chimeslaw.com

**DEFENDANT CITY OF STAMFORD**,

BY: */s/Robin G. Frederick*
Robin G. Frederick (ct10542)
Clarisse N. Thomas (ct27583)
Shipman & Goodwin LLP
300 Atlantic Street, Third Floor
Stamford, CT 06901
Phone: (203) 324-8100
Fax: (203) 324-8199
Email: rfrederick@goodwin.com
       cthomas@goodwin.com

**CERTIFICATE OF SERVICE**

This is to certify that on this 2nd day of February, 2016, a copy of the foregoing was E-filed with the Court. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.

*/s/Lewis Chimes*
Lewis Chimes