### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

_____

MIRIAM E. DELGADO,                  :
                                    :
                    Plaintiff,      :        Case No.: 3:11-cv-1735 (VAB)
                                    :
        v.                          :
                                    :
CITY OF STAMFORD                    :
                                    :
                    Defendant.      :        February 2, 2016
_____:

### CITY OF STAMFORD'S MEMORANDUM OF LAW
### IN SUPPORT OF SECOND MOTION *IN LIMINE* TO EXCLUDE
### EVIDENCE THAT IS WHOLLY IRRELEVANT AND IMMATERIAL
### TO PLAINTIFF'S HOSTILE WORK ENVIRONMENT CLAIM

**I.      FACTUAL BACKGROUND**

Defendant City of Stamford (the "City" or "Defendant") incorporates by reference the Factual Background set forth in its First Motion *in Limine* to Exclude Evidence of Alleged Events That Are Beyond the Scope of the Court's Ruling on Summary Judgment.  (Doc. No. 125)

**II.     LAW AND ARGUMENT**

**A.      Legal Standard.**

The purpose of a motion *in limine* is "to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial."  Palmieri v. Defaria, 88 F.3d 136, 141 (2d Cir. 1996) (internal quotation marks omitted).  While the Federal Rules of Evidence do not specifically address such motions, "the practice has developed pursuant to the district court's inherent authority to manage the course of trials."  Luce v. United States, 469 U.S. 38, 41 n.4 (1984).

1

The issues raised in the present motion relate to Plaintiff's Exhibits that are wholly irrelevant and immaterial to the hostile work environment that must be tried. The present motion serves the purposes of preserving judicial economy, avoiding confusion of the jury with irrelevant evidence, and precluding prejudicial evidence.

      **B.**      **Plaintiff's Proffered Evidence Should Be Precluded Because It is Irrelevant and Cannot Form a Basis for Plaintiff's Hostile Work Environment Claim.**

Pursuant to Fed. R. Evid. 402, evidence "which is not relevant is not admissible." Relevance is defined by whether the evidence at issue has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable." Fed. R. Evid. 401. Accordingly, as discussed in more detail below, Plaintiff's Exhibits 10 through 12; 35; 51; 55; 66; 69 through 70; and 73-75 should be precluded at trial.

      1.      <u>Exhibits 10 through 12 (Plaintiff's work performance)</u>

Plaintiff seeks to introduce Exhibits 10, 11, and 12, all of which pertain to her job performance. Specifically, Exhibits 10 and 11 pertain to Plaintiff's work performance in the years 1997 and 2000 -- years before she was assigned to BCI. Exhibit 12 pertains to awards Plaintiff received from the SPD, from the period 1992 through 2010. However, Plaintiff's job performance is not at issue in this case. Thus, Exhibits 10, 11, and 12 are wholly irrelevant and immaterial to Plaintiff's hostile work environment claim. Further, said evidence constitutes inadmissible hearsay.[1]

---

[1] <u>See</u> Defendant's Fourth Motion *in Limine*, which addresses Plaintiff's Exhibits which constitute inadmissible hearsay and/or evidence which cannot be properly authenticated at trial. Plaintiff's Exhibits which are the subject of Defendant's Fourth Motion *in Limine* include: Exhibits 10 through 12; 35; 48; 50; 51; 55; 66; 70 and 76.

2.      Exhibit 35 (Plaintiff's "Timeline)

Plaintiff seeks to introduce Exhibit 35, which is merely described as a "Timeline," and a copy of which has not been provided to Defendant.  Although Plaintiff has indicated that Exhibit 35 is a "demonstrative exhibit," Defendant presumes it is a timeline of events that are beyond the scope of the claim being tried here.  Indeed, Plaintiff seeks to introduce Exhibits pertaining to evidence dating as early as 1997 and as late as 2012 -- two years after she had been reassigned to the Patrol Division.  Thus, Defendant objects on the basis that this Exhibit constitutes inadmissible hearsay, and presents the risk of confusing the jury.

3.      Exhibit 51 (Newspaper article)

Plaintiff seeks to introduce Exhibit 51, which is described as "Newspaper Article -- Miriam Delgado in brawl. 12.10.10."  Plaintiff was reassigned to the Patrol Division in July 2010.  Thus, this Exhibit is wholly irrelevant and immaterial to Plaintiff's hostile work environment claim, which pertains to her former co-workers in Squad A, and not any incidents which may or may not have occurred after she transferred out of that unit.  Further, Exhibit 51 constitutes inadmissible hearsay.

4.      Exhibit 55 (Plaintiff's 1999 membership card)

Plaintiff seeks to introduce Exhibit 55, which appears to be a copy of Plaintiff's 1999 Board of Trustees Membership Card from 1999, from the Stamford Police Association.  Plaintiff's membership in the Stamford Police Association -- 6 years prior to her joining BCI -- is wholly irrelevant and immaterial to Plaintiff's hostile work environment claim.  Further, Exhibit 55 constitutes inadmissible hearsay.

     5.     <u>Exhibit 66 (September 2010 email)</u>

Plaintiff seeks to introduce Exhibit 66, which is an email from September 7, 2010, regarding the request of several officers to remain in their current positions in the Special Investigations Juvenile Offenses unit, which is another unit of BCI.  Plaintiff has never worked, nor did she ever submit a request to work, in the Special Investigations Juvenile Offenses unit.  Even if she had, this Exhibit 66 has absolutely no bearing on the hostile work environment claim Plaintiff has made against her former co-workers in the Crimes Against Persons unit.  As such, the Exhibit is wholly irrelevant and immaterial.  Further, Exhibit 66 constitutes inadmissible hearsay.

     6.     <u>Exhibit 69 (Defendant's Discovery Responses)</u>

Plaintiff seeks to introduce Exhibit 69, which is a copy of Defendant's Objections and Responses to Plaintiff's Interrogatories and Requests for Production.  Exhibit 69 is wholly irrelevant and immaterial, and serves no purpose other than to confuse the jury -- it will not assist the jury in determining whether Plaintiff's former co-workers subjected Plaintiff to harassment.

     7.     <u>Exhibit 70 (Plaintiff's "log notes")</u>

Plaintiff seeks to introduce Exhibit 70, which is entitled "Delgado log notes," and consists of 20 pages.  With the exception of 3 pages, which concern alleged events on August 5, 2009 and March 10, 2010, the remainder of Exhibit 70 contains information that was already addressed in the Court's Summary Judgment Ruling, and which is therefore wholly irrelevant and immaterial to Plaintiff's hostile work environment claim.  <u>See</u> Defendant's First Motion *in Limine*.  As such, any evidence pertaining to events other than the dates set forth above should be precluded.  Plaintiff seeks to introduce Exhibit 70 in its entirety as a back-door means of

circumventing the Court's Summary Judgment Ruling, which is improper.  Finally, the Exhibit constitutes inadmissible hearsay.[2]

        8.     <u>Exhibits 73 through 75 (Attendance schedules)</u>

Plaintiff seeks to introduce Exhibits 73 through 75, which set forth the attendance schedules for Plaintiff, Ofc. DiBella and Ofc. Laccona respectively, during the period January 1, 2008 through July 12, 2010.  These Exhibits are wholly irrelevant and immaterial to Plaintiff's hostile work environment claim.  Attendance records have absolutely no bearing on whether Plaintiff was subjected to harassment by her co-workers.

**C.     Plaintiff's Proffered Evidence Should Also Be Excluded Because Admitting Such Evidence Would Violate Fed. R. Evid. 403.**

Even if Plaintiff's proffered Exhibits were minimally relevant to the remaining hostile work environment claim (which they are not), they must be excluded because the probative value of such evidence is substantially outweighed by its harmful effects.  Fed. R. Evid. 403 provides that evidence should be excluded where its "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury."

Based on the Summary Judgment Ruling in this case, which dismissed all claims but the one alleging a hostile work environment, only evidence as to alleged sexual comments and derogatory remarks pertaining to national origin by Plaintiff's co-workers can provide the basis for her hostile work environment claims.  Allowing Plaintiff's Exhibits creates the danger that such evidence would mislead the jury into believing that the City could be found liable on other claims.  Further, such evidence would likely confuse the issues in this case.

---

[2] If the Court determines that Exhibit 70 should not be excluded in its entirety from trial, then Defendant submits that only a redacted version of the Exhibit should be introduced, to avoid the danger of unfair prejudice or misleading the jury.

The focus of the jury's deliberation must be on whether Plaintiff was subjected to a hostile work environment on account of the comments and remarks that were allegedly made by her co-workers either on the basis of her gender or on the basis of her national origin.  The presentation of Plaintiff's proffered Exhibits will require the jury to hear evidence on those issues, then attempt to disregard that same evidence during deliberations.  Even with a limiting instruction, this scenario is likely to be confusing and prejudicial because the jury will undoubtedly be confused as to why such evidence was presented at trial, if it is not be used as a basis for Plaintiff's hostile work environment claim.  The purpose of Fed. R. Evid. 403 is to avoid such confusion.

Further, evidence should be excluded if its admission would lead to litigation of collateral issues that would divert the jury's attention from the actual issue that must be decided at trial. See Sargeant v. Serrani, 866 F. Supp. 657, 663 (D. Conn. 1994) (holding that proffered evidence was properly excluded where it "concerned a collateral issue that would have confused the jury unnecessarily"); see also United States v. Bowe, 360 F.2d 1, 15 (2d Cir. 1966) ("A trial judge has discretion to exclude evidence which is only slightly probative if its introduction would confuse and mislead the jury by focusing its attention on collateral issues and if it would unnecessarily delay the trial.")

Here, there is only claim to be tried – Plaintiff's hostile work environment claim.  However, Plaintiff's proffered exhibits will unnecessarily delay the proceedings and confuse the issues before the jury, in violation of Fed. R. Evid. 403.  Therefore, the risks involved with this evidence substantially outweigh any probative value the evidence might have to the sole issue in dispute.

III.    **CONCLUSION**

For the foregoing reasons, the Defendant City of Stamford respectfully requests that the Court grant its motion to exclude Plaintiff's Exhibits 10 through 12; 35; 51; 55; 66; 69 through 70; and 73-75 from trial.

Respectfully Submitted,

DEFENDANT,
CITY OF STAMFORD

By:  /s/ Clarisse N. Thomas
    Robin G. Frederick (ct10542)
    Clarisse N. Thomas (ct27583)
    Shipman & Goodwin LLP
    300 Atlantic Street, Third Floor
    Stamford, CT 06901
    Telephone: (203) 324-8100
    Facsimile: (203) 324-8199
    E-mail: rfrederick@goodwin.com
    E-mail: cthomas@goodwin.com
    Its Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2016, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

/s/ Clarisse N. Thomas
Clarisse N. Thomas (ct27583)

4539596